IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROY C. GINGER, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS DEPARTMENT OF )<br>CORRECTIONS; JOHN BALDWIN, )<br>Acting Director; CRAIG FOSTER, )<br>Warden, Graham Correctional )<br>Center, )<br>)<br>   Defendants. ) | No. 18-3051 |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Graham Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

On March 20, 2018, Plaintiff filed a Complaint (d/e 1) pursuant to 42 U.S.C. § 1983 against the Illinois Department of Corrections (IDOC); John Baldwin, Acting Director; and Craig Foster, Warden, Graham Correctional Center. The Court construes the claims against Baldwin and Foster as being brought against them in their official capacity.

The IDOC website shows that Plaintiff was sentenced to 54 months' imprisonment for aggravated child pornography to be followed with a term of mandatory supervised release of three years to life. According to the website, Plaintiff is still incarcerated, and his projected parole date is May 1, 2018. https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited March 27, 2018).

In his Complaint, Plaintiff alleges that, "once [his] discharge date came," he was contacted by persons working in the Field Services Office at the Graham Correctional Center. These officials asked for Plaintiff's release address, which he provided. Plaintiff

was informed that his original site was denied, and he was asked to provide alternative options. Plaintiff provided alternative options, but those sites did not meet the statutory requirements and were summarily denied as unacceptable locations. Plaintiff asked the Clinical Services Office and the Field Services Office on numerous occasions for assistance in locating a suitable site for Plaintiff's release, but to no avail. Plaintiff alleges he is being held unconstitutionally after the completion of his sentence because he does not have a suitable parole site or the financial resources with which to obtain one. (Plaintiff uses the term "parole" but "parole" and "mandatory supervised release" are distinct, even though courts tend to use the terms interchangeably. See Crayton v. Duncan, No. 15-cv-399-NJR, 2015 WL 2207191, at *5 n.3 (S.D. Ill. May 8, 2015)). Plaintiff requests that he be immediately released from custody and/or receive immediate assistance to locate suitable placement or housing so that he can be released.

To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under the color of state law.

Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). IDOC is not a proper Defendant because states and state agencies are not "persons" that can be sued under § 1983. Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999) (noting that "states and their agencies are not 'persons' subject to suit under 41 U.S.C. § 1983"); Glispie v. Ill. Dep't of Corrections, No. 12-2060, 2012 WL 6761522, at *1 (C.D. Ill. Oct. 24, 2012) ("No matter what relief Plaintiff seeks against Defendant IDOC, his claim against IDOC is barred because IDOC, as a state agency, is not a "person" that may be sued under § 1983.") report and recommendation adopted by 2013 WL 42306 (C.D. Ill. Jan. 3, 2013). Therefore, IDOC is dismissed from this lawsuit with prejudice.

In addition, Plaintiff cannot bring his request for immediate release in the context of a civil rights case under § 1983. Simpson v. Nickel, 450 F.3d 303, 307 (7th Cir. 2006). Instead, he must bring a petition for habeas corpus relief under § 2254. Id. (stating that "any challenge to the fact or duration of custody must proceed under § 2254 or an equivalent statute"); see also Crayton, 2015 WL 2207191, at *2.

As for Plaintiff's request that he receive immediate assistance to locate a suitable placement or housing so that he can be released, such a claim falls within the bounds of a § 1983 action. Id. That is, Plaintiff's claim can be construed as a challenge to the state procedures used to deny him his release. See Murphy v. Madigan, No. 16 C 11471, 2017 WL 3581175, at *6 (N.D. Ill. Aug. 18, 2017) (finding that the plaintiffs' claim that IDOC officials are using unconstitutional rules when deciding whether a prisoner will be released on mandatory supervised release was properly brought under § 1983); Crayton, 2015 WL 2207181, at *2; see also Murdock v. Walker, No. 08 C 1142, 2014 WL 916992, *5 (N.D. Ill. Mar. 10, 2014) (finding that the plaintiffs' challenge was not to the fact or duration of confinement but to the procedures used to deny them release; that is, they "seek relief that will render invalid the state procedures used to deny parole eligibility . . . and parole suitability").

In Murphy v. Madigan, a class of indigent sex-offenders remained imprisoned indefinitely because they could not find approved housing. Murphy, 2017 WL 3581175, at *1. The court held that the plaintiffs' challenge to the constitutionality of the

procedures the defendants applied to determine whether the plaintiffs would be released on mandatory supervised release stated a substantive due process claim, an Eighth Amendment claim, an equal protection claim, and a procedural due process claim.

In light of <u>Murphy</u>, and liberally construing Plaintiff's complaint, the Court will order service on Defendants Baldwin and Foster but afford them the opportunity to file a motion to dismiss.

**IT IS THEREFORE ORDERED:**

1) Defendant IDOC is dismissed from this cause of action with prejudice.

2) This case is now in the process of service on Defendants Baldwin and Foster. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants Baldwin and Foster by mailing each Defendant a waiver of service.

Defendants have 60 days from the date the waiver is sent to file an Answer or otherwise respond to the complaint.  If Defendants have not filed Answers, a motion to dismiss, or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.

     4)    Defendants Baldwin and Foster shall file an answer or otherwise respond within 60 days of the date the waiver is sent by the Clerk.  If Defendants file an answer, the answer should include all defenses appropriate under the Federal Rules.

     5)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

6) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

7) If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8) **Plaintiff's motion for the Court to appoint counsel (d/e 4) is denied,** with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. Plaintiff asserts that he has written to several prisoner attorneys or

legal aid societies, but he does not say who he asked, nor does he attach any responses to his motion.  If Plaintiff renews his motion for counsel, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.  He shall also sign the Motion under penalty of perjury, as his current Motion is unsigned.  See d/e 4 at 2.

**9)     The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done.**

**ENTERED: March 27, 2018**

**FOR THE COURT:**

                                                        <u>　s/Sue E. Myerscough　</u>
                                                        **SUE E. MYERSCOUGH**
                                            **UNITED STATES DISTRICT JUDGE**